UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| PAUL WRIGHT, | § § § § § § § § § § § § § | Civil Action No.: |
| Plaintiff, | | |
| v. | | |
| BLUESTEM BRANDS, INC. d/b/a FINGERHUT, | | JURY TRIAL DEMANDED |
| Defendants. | | |

## COMPLAINT

PAUL WRIGHT ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.  Defendants conduct business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pharr, Texas 78577.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its headquarters located at 6509 Flying cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for several years.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around May 2015 and continuing through July 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Defendant's automated messages identified its company name as the caller.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Although Plaintiff had an account with Defendant, he revoked consent to be contacted on his cellular telephone when the calls began in mid May 2015.

18.     Defendant, although acknowledging Plaintiff's revocation, ignored his request to cease communication and continued to call.

**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

19.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22.     Defendant's calls to Plaintiff were not made for emergency purposes.

23.     Defendant's calls to Plaintiff, after mid May 2015, were not made with Plaintiff's prior express consent.

24.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, PAUL WRIGHT respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PAUL WRIGHT, demands a jury trial in this case.

Respectfully submitted,

Dated: July 23, 2015

/s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg
Attorney-in-Charge for Plaintiff
Pennsylvania Bar No. 202745
Federal Bar No. 1477508
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com